# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. 1:16-CR-283 |
| : | |
| v. : | (Chief Judge Conner) |
| : | |
| **DONELL WILLIAMS,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

Defendant Donell Williams ("Williams") moves to dismiss Count 2 of the indictment (Doc. 1) in the above-captioned case. Williams asserts that Count 2, which alleges that Williams "used, carried, brandished and possessed a firearm" during the course of an armed bank robbery in violation of 18 U.S.C. § 924(c), fails to adequately state a criminal offense because armed bank robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c). The court will deny Williams' motion.

I.      **Factual Background & Procedural History**

On September 28, 2016, a federal grand jury sitting in Harrisburg, Pennsylvania returned a three-count indictment against Williams. (Doc. 1). The indictment charges Williams with armed bank robbery (Count 1), use of a firearm during and in relation to a crime of violence (Count 2), and unlawful possession of a firearm (Count 3). (Id.)  Williams pleaded not guilty to all three counts before Magistrate Judge Susan E. Schwab on October 11, 2016. (Doc. 12). Williams filed the instant motion (Doc. 23) to dismiss Count 2 of the indictment on November 4, 2016. The motion is fully briefed and ripe for disposition.

**II.     Legal Standard**

A motion to dismiss a criminal indictment may be brought at any time before trial.  See FED. R. CRIM. P. 12(b)(3).  A motion to dismiss the indictment may allege a defect in instituting the prosecution, including improper venue, violation of the constitutional right to a speedy trial, or selective prosecution.  See FED. R. CRIM. P. 12(b)(3)(A).  A motion to dismiss may also be premised on perceived substantive deficiencies, including duplicity or multiplicity in the indictment, lack of specificity, improper joinder, or failure to state an offense.  See FED. R. CRIM. P. 12(b)(3)(B).  In the context of a motion to dismiss, the court is obliged to test the sufficiency of the government's *allegata* but not the sufficiency of the government's *probata*.  United States v. Huet, 665 F.3d 588, 594-95 (3d Cir. 2012).  The court must decide every pretrial motion before trial unless good cause exists to defer its ruling.  See FED. R. CRIM. P. 12(d).

**III.    Discussion**

18 U.S.C. § 924(c)(1)(A) subjects a criminal defendant who uses, carries, or possesses a firearm in furtherance of a "crime of violence or drug trafficking crime" to a mandatory minimum term of imprisonment in addition to any sentence imposed for the underlying crime.  The statute provides a series of mandatory minimum sentences.  The term of the mandatory minimum depends upon whether the defendant uses, carries, or possesses a firearm; brandishes a firearm; or discharges a firearm during the commission of the underlying substantive crime.  18 U.S.C. § 924(c)(1)(A).  18 U.S.C. § 924(c)(3) defines a "crime of violence" as any felony that either "has as an element the use, attempted use, or threatened use of physical force

2

against the person or property of another," or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)-(B). The first clause is commonly referred to as the "force clause," and the second is referred to as the "residual clause." The central dispute *sub judice* is whether an armed bank robbery conviction qualifies as a predicate crime of violence under either clause.

Williams contests Count 2 of the indictment on two grounds. First, Williams asseverates that the armed bank robbery charge in Count 1 "categorically fails to qualify as a crime of violence within the meaning" of the force clause as defined in Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I"). (Doc. 24 at 2). Second, Williams adjures that the residual clause is unconstitutionally void for vagueness under Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015) ("Johnson II"). (Doc. 23). The court notes that "if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, [courts] will decide only the latter." Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 347 (1936) (Brandeis, J., concurring). The statutory construction of the force clause is outcome determinative. Hence, the court declines to address Williams' constitutional arguments with respect to the residual clause.

According to the government, Williams' armed bank robbery charge serves as the substantive predicate offense for Count 2. (Doc. 25 at 1-2). 18 U.S.C. § 2113(a) penalizes those who "by force and violence, or by intimidation" obtain money from a banking institution. 18 U.S.C. § 2113(d) adds enhanced penalties when a criminal defendant commits bank robbery and "assaults any person, or puts in jeopardy the

3

life of any person by the use of dangerous weapon or device" in furtherance of a bank robbery. Williams argues that Count 2 must be dismissed as the statutory language of 18 U.S.C. § 924(c)(3)(A) categorically excludes armed bank robbery as a "crime of violence."

Williams submits that armed bank robbery does not qualify because a crime of violence because it does not require a criminal defendant to use physical force. (Doc. 24 at 5). Williams cites several cases in which defendants committed crimes that threatened bodily harm without the use of physical force. See United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012); Chrzanoski v. Ashcroft, 327 F.3d 188, 194 (2d Cir. 2004). His primary example is the threat to poison another. Torres-Miguel, 701 F.3d at 191. Williams argues that despite the threat of bodily harm in cases of armed bank robbery by intimidation, there is no actual threat of violent touching or battery that embodies the common-law definition of "force." (Doc. 24 at 10). Williams thus concludes that, under the Third Circuit's categorical approach, armed bank robbery is not a crime of violence. (Id. at 8-11); see also Aguilar v. Attorney Gen. of the United States, 663 F.3d 692, 693-700 (3d Cir. 2011) (citing Taylor v. United States, 495 U.S. 575, 601 (1990)).

Defendant's argument is meritless. As a threshold matter, the proposition Williams cites in Torres-Miguel and Chrzanoski has been overruled by the Supreme Court. In United States v. Castleman, the Court concluded that the use of "force" involves the employ of devices to cause bodily harm, and that the term "force" encompasses more than mere physical acts of violence. 134 S. Ct. 1405, 1415 (2014). The Court noted that, under logic analogous to that of Mr. Williams, "one could say

4

that pulling the trigger on a gun is not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim." Id.  The Court flatly rejected this reasoning, and concluded that whether "the harm occurs indirectly, rather than directly (as with a kick or punch) does not matter." Id.

Further, armed bank robbery necessarily requires the threat of the use of force when a criminal defendant commits the robbery "by intimidation."  Any conviction for armed bank robbery entails a bank robber "assault[ing] a person, or put[ting] in jeopardy the life of any person by use of a dangerous weapon or device."  18 U.S.C. § 2113(a), (d).  A criminal defendant intimidates a bank teller for purposes of armed bank robbery when "an ordinary person in the [bank] teller's position could reasonably infer a threat of bodily harm from the defendant's acts."  United States v. Askari, 140 F.3d 536, 541 (3d Cir. 1998) (quoting United States v. Woodrup, 86 F.3d 359, 363 (4th Cir. 1994)), vacated on other grounds, 159 F.3d 774 (3d Cir. 1998).  The use of intimidation implies that a criminal defendant placed another person into a state of fear of bodily harm, i.e., "force capable of causing physical pain or injury to another person."  Johnson I, 559 U.S. at 140; see also Askari, 140 F.3d at 541 (quoting United States v. McCarty, 36 F.3d 1349, 1357 (5th Cir. 1994)).  Intimidation in the armed bank robbery statute consequently includes the "threatened use of physical force against the person or property of another" as defined in 18 U.S.C. § 924(c)(3)(A).

Courts resolving this question have uniformly agreed that armed bank robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A).[1] The court's analysis aligns with the compelling *ratio decidendi* of this emerging consensus. The court concludes that Williams' armed bank robbery charge under 18 U.S.C. § 2113(a), (d) constitutes a predicate "crime of violence" within the ambit of 18 U.S.C. § 924(c)(3)(A); thus, the government's indictment is facially sufficient.

## IV. Conclusion

For the foregoing reasons, the court will deny Williams' motion (Doc. 23) to dismiss the indictment. An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] See, e.g., United States v. Armour, 840 F.3d 904 (7th Cir. 2016); Holder v. United States, 836 F.3d 891 (8th Cir. 2016); United States v. McBride, 826 F.3d 293 (6th Cir. 2016); *In re* Hines, 824 F.3d 1334 (11th Cir. 2016); United States v. McNeal, 818 F.3d 141 (4th Cir. 2016); United States v. Wilson, No. 14-CR-209, 2016 WL 6310620 (E.D. Pa. Oct. 27, 2016); United States v. King, No. 15-CR-88, 2016 WL 1271387 (M.D. Pa. Apr. 1, 2016).